**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONE'T FOYE, | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| ENIGMA MEDI SPA & PLASTIC | : | |
| SURGERY, LLC, | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Mone't Foye (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Enigma Medi Spa & Plastic Surgery LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant Enigma Medi Spa & Plastic Surgery, LLC is a luxury weight loss, hair removal and cosmetic center with a location and corporate

headquarters located at 1520 Locust Street, Philadelphia, PA 19102.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

2

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff was domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADA, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on November 22, 2024, alleging race and disability discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-01538 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 11, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American.

21. On or about March 25, 2024, Defendant hired Plaintiff in the position of Medical Esthetician.

22. Plaintiff was well qualified for her position and performed well.

### PLAINTIFF IS DISABLED

23. Plaintiff has the serious medical condition of Crohn's Disease which is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

24. The major life activities affected by Crohn's Disease include, but are not limited to, digestive function.

### THE CEO THREATENED TO TERMINATE PLAINTIFF

25. On or about March 28, 2024, Helen Mephis (Caucasian), CEO, threatened to terminate Plaintiff for allegedly not interacting with her coworkers.

26. Plaintiff had been writing notes on services and costs as part of her training and showed this to Mephis.

27. Upon seeing that Plaintiff had been training as she had been instructed, Mephis decided not to terminate her.

4

## MEPHIS TREATED PLAINTIFF DIFFERENTLY THAN HER NON-AFRICAN AMERICAN COWORKERS

28. Shortly after Plaintiff's hire, she noticed that Mephis treated her differently than her coworkers by not speaking to her unless she was in a group with her coworkers.

29. In addition, Mephis ignored Plaintiff's suggestions, but listened to other employees' suggestions.

30. Plaintiff was the only African American at Defendant.

## PLAINTIFF COMPLAINED ABOUT MEPHIS' DISPARATE TREATMENT

31. In or around the end of April 2024, Plaintiff complained to Cerita Turner (Biracial), Nurse, about Mephis and how she felt Mephis was treating her differently.

32. Turner did not address Plaintiff's complaint.

## MEPHIS INSTRUCTED PLAINTIFF TO CHANGE THE WAY SHE SPOKE TO CUSTOMERS

33. On May 1, 2024, Plaintiff attended a dinner during the work trip for Cool Sculpting training.

34. During the dinner, Mephis told Plaintiff that she wanted her to change the way that she spoke to customer, and made her voice more high pitched as an example.

35. Plaintiff was offended by Mephis' comment and interpreted it to mean that Mephis wanted her to sound more Caucasian and less African American.

## PLAINTIFF COMPLAINED ABOUT MEPHIS DISCRIMINATING AGAINST HER DUE TO HER RACE

36. Later that day, Plaintiff complained to Danielle Williamson (Biracial), Nurse Supervisor, that she felt like Mephis was racially discriminating against her.

37. Williamson denied Plaintiff's claim.

38. However, after Plaintiff detailed Mephis' comment and how Mephis was treating her differently, Williamson agreed with her.

## MEPHIS WRONGFULLY BLAMED PLAINTIFF FOR BREAKING THE DIAMOND GLOW MACHINE

39. In June 2024, Mephis blamed Plaintiff for breaking the diamond glow machine.

40. However, Plaintiff did not break the machine, and instead was the one who had discovered it was broken after it had been used by another employee.

## PLAINTIFF CALLED OUT OF WORK DUE TO HER DISABILITY

41. On or about July 10, 2024, Plaintiff called Defendant and informed Allison Last Name Unknown ("LNU"), Scheduler, that she was not feeling well due to her disability, but said that she would report to work since she only had four (4) clients in the beginning of the day.

42. However, Allison informed her that another client had been added to her schedule at the end of the day.

43. Plaintiff informed Allison that she would not be able to report to work due to her disability.

## DEFENDANT TERMINATED PLAINTIFF

44. On or about July 11, 2024, Mephis terminated Plaintiff via text message.

45. Mephis alleged Plaintiff's termination was due to business needs.

46. However, upon information and belief, Defendant hired a Caucasian Medical Esthetician to replace Plaintiff.

47. Defendant discriminated against Plaintiff due to her race and disability and retaliated against her for reporting race discrimination and requesting a reasonable accommodation in violation of Title VII, the ADA, the PHRA and the PFPO.

6

48. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a member of protected classes in that she is African American.

51. Plaintiff was qualified to perform the job for which she was hired.

52. Plaintiff suffered adverse job actions, including, but not limited to termination.

53. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

54. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

55. Defendant discriminated against Plaintiff on the basis of her protected class.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

58. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISCRIMINATION BASED ON RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (African American).

61. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISCRIMINATION BASED ON RACE
## PHILADELPHIA FAIR PRACTICES ORDINANCE

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (African American).

64. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

67. Plaintiff was qualified to perform the job.

8

68. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

69. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

70. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

71. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

72. The purported reason for Defendant's decision is pretextual.

73. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

74. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

75. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

76. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

79. Plaintiff was qualified to perform the job.

80. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

81. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

82. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

83. Plaintiff's disabilities motivated Defendant's decision to reassign Plaintiff.

84. The purported reason for Defendant's decision is pretextual.

85. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

86. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff is a "qualified individual with a disability" as that term is defined under the

10

PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

90. Plaintiff was qualified to perform the job.

91. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

92. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

93. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

94. Plaintiff's disabilities motivated Defendant's decision to reassign Plaintiff.

95. The purported reason for Defendant's decision is pretextual.

96. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

97. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

98. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

100. Plaintiff engaged in activity protected by Title VII.

101. Plaintiff reported race discrimination to Defendant.

102. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

103. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

104. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

105. Plaintiff engaged in activity protected by the ADA.

106. Plaintiff requested a reasonable accommodation due to her disability to Defendant.

107. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

108. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

12

## COUNT IX – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

122. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

123. Plaintiff engaged in activity protected by the PHRA.

124. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

125. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT X – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

122. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

123. Plaintiff engaged in activity protected by the PFPO.

124. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

125. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mone't Foye, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b) Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA, the PHRA and the PFPO.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

14

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: August 10, 2026            **By:**  ***/s/David M. Koller***
                                    David M. Koller, Esquire
                                    Jordan D. Santo, Esquire
                                    2043 Locust Street, Suite 1B
                                    Philadelphia, PA 19103
                                    215-545-8917
                                    davidk@kollerlawfirm.com
                                    jordans@kollerlawfirm.com

                                    *Counsel for Plaintiff*